UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL ALEXANDER,

    Plaintiff,

v.                                      Case No. 16-11385
                                          HON. DENISE PAGE HOOD

STATE OF MICHIGAN, GOVERNOR
RICK SNYDER, COUNTY OF WAYNE,
WAYNE COUNTY CIRCUIT COURT,
WAYNE COUNTY PROSECUTOR,
MICHIGAN DEPARTMENT OF HUMAN
SERVICES, MICHIGAN ATTORNEY
GENERAL BILL SCHUETTE, WAYNE
COUNTY FRIEND OF THE COURT, and
WAYNE COUNTY SPECIAL PROSECUTOR
KATHRYN MAYER,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS [Dkt. Nos. 9, 10, 11]**

**I.     INTRODUCTION**

On April 18, 2016, Plaintiff filed a seven-count Complaint against Defendants State of Michigan, Governor Rick Snyder, Michigan Attorney General, and Michigan Department of Human Services ("State Defendants"), the County of Wayne and Wayne County Prosecutor Kim Worthy ("Wayne County Defendants"), Wayne County Circuit Court, Wayne County Friend of the Court, and Wayne County Special

1

Prosecutor Kathryn Mayer ("State Court Defendants"). On August 26, 2016, Motions to Dismiss were filed by the State Defendants (Dkt. No. 9), the Wayne County Defendants (Dkt. No. 10), and the Wayne County Defendants (Dkt. No. 11). Each of the Motions to Dismiss has been briefed. A hearing on all three Motions to Dismiss was held on December 7, 2016, at 3:30 p.m.

For the reasons that follow, the Court grants all three Motions to Dismiss.

## II. BACKGROUND

Between 1984 and 1992 Plaintiff was incarcerated within the Michigan Department of Corrections, except for a period of time in 1990 (Dkt. No. 1 Complaint, ¶¶ 18, 23). In 1989, a paternity suit was initiated in Wayne County Circuit Court on behalf of Edna Hood to determine whether Plaintiff was the father of her child (Dkt. No. 1 (Complaint), ¶ 14; Dkt. No. 9, Ex. 1 (March 9, 2015 Order Denying Defendant's Emergency Motion for Relief from Judgment) and Ex. 2 (April 13, 2015 Order Denying Defendant's Motion for Reconsideration)). A Default Order of Filiation and for Support against Plaintiff was entered by the Wayne County Circuit Court on August 7, 1989 (Dkt. No. 1, ¶ 20; Dkt. No. 9, Ex. 1 and Ex. 2).

In September, 2009, the Michigan Department of Attorney General brought felony charges against Plaintiff for failure to pay child support (Dkt. No. 1, ¶ 27; Dkt. No. 9, Ex. 3 (Felony Information, Felony Complaint and Felony Warrant)). In

October, 2012, Plaintiff pled guilty to the felony non-support charge (Dkt. No. 1, ¶ 28). On December 12, 2012, Plaintiff was placed on probation for 60 months (Dkt. No. 9, Ex. 4 (Order of Probation Felony Non Support)). In July 2013, Plaintiff underwent paternity testing which established that the child was not his (Dkt. No. 1, ¶¶ 30, 31). On February 10, 2015, the felony non-support case against Plaintiff was dismissed on a motion by the Department of Attorney General (Dkt. No. 1, ¶ 37; Dkt. No. 9, Ex. 5 (Order of Dismissal)).

On January 21, 2015, Plaintiff filed an Emergency Motion for Relief from Judgment of the August 7, 1989 Default Order of Filiation and for Support (Dkt. No. 9, Ex. 6 (Emergency Motion)). On March 9, 2015, the Family Division of the Wayne County Circuit Court issued its Order Denying Plaintiff's Emergency Motion for Relief from Judgment (Dkt. No. 9, Ex. 1). On April 13, 2015, the Family Division of the Wayne County Circuit Court issued its Order Denying Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Emergency Motion for Relief from Judgment (Dkt. No. 9, Ex. 2).

### III.  APPLICABLE LAW

#### A.  Rule 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction

3

> (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th CiDkt. No. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id*.
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

### B.    Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine, as set forth by the United States Supreme Court in *Exxon Mobil Corp v Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), provides that "federal district courts do not have jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Appellate review of state-court judgments is vested in the United States Supreme Court, and appellate review may not be had in the lower federal courts. 28 U.S.C. § 1257; *Exxon*, 544 U.S. at 283 ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the Supreme] Court. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction."). "If the source of a plaintiff's alleged injury is the state court decision, then *Rooker-Feldman* prevents a federal district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

The *Rooker-Feldman* doctrine is only implicated when a plaintiff complains of being injured by the challenged state court decision itself. *McCormick*, 451 F.3d at 382. The doctrine is not implicated simply because a party attempts to litigate an issue in a federal court that has already been litigated in a state court. When a "federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon*, 544 U.S. at 293. *See also Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301 (6th Cir. 2009) (*Rooker-Feldman* does not apply to claims that "do not seek review or reversal of the decision … but instead focus on the conduct of county agency employees that led up to the juvenile court's decision"); *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432, 436-37 (6th Cir.2006) (*Rooker-Feldman* does not apply where plaintiff did not allege that he was injured by the state-court judgment but instead filed an independent federal claim that he was injured by the defendant's filing of a false affidavit in the state-court proceeding); *Catz v Chalker*, 142 F.3d 279 (6th Cir. 1998) (*Rooker-Feldman* not applicable where plaintiff challenged in federal court a divorce decree that was procured by a series of due process violations, including failure to serve him, failure to give notice of court dates, etc.).

Defendants universally assert that this case is exactly the kind of case that is barred by the *Rooker-Feldman* doctrine. Defendants claim Plaintiff's challenge of the constitutionality of M.C.L. 722.1439 is simply reasserting a claim for the relief sought in Wayne County Circuit Court. Defendants cite the language at the outset of Plaintiff's Complaint that he

> has spent more than twenty years trying stop collection activity against him *stemming from a judgment from the Wayne County Circuit Court entered in error. . . .* Plaintiff brings this civil action to seek accountability and compensation for the massive injuries inflicted upon him from the parties responsible for this miscarriage of justice. Plaintiff also brings this civil action to challenge the constitutionality of MCL 722.1439. Plaintiff seeks injunctive relief against Defendants to cease further actions against him to threaten harass, hamper, or otherwise restrict his individual freedoms, especially his right to earn a living and retain his income.

(Dkt. No. 1, PgID 1-2 (emphasis added by Defendants)) Defendants argue that Plaintiff is asking the Court whether the state court should have set aside the August 7, 1989 Default Order of Filiation and For Support, a request that makes this Court an appellate tribunal, in contravention of the *Rooker-Feldman* doctrine.

Plaintiff counters that he does not contest the Wayne County Circuit Court's decision. He contends that he has an independent claim in that he is challenging the actions or inactions of Defendants to deny him due process of law, which constituted the source of his injury. The alleged denial of due process appears to be Plaintiff's belief that service of process with respect to the 1989 paternity suit filed against him

was inadequate.  As stated in his response to the State Defendants' motion, "Defendants committed a fraud on the court by relying on a fraudulent affidavit of service." (Dkt. No. 15, PgID 179)  Plaintiff also contends that he has been stripped of "his good name" because he is labeled as a "deadbeat dad" and his liberty interest in "family integrity" because of Defendants' actions.  Plaintiff contends that his allegation that "[t]he continuing unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad faith acts and omissions by Defendants . . ." shows that he is complaining about the source of his injury rather than the decision itself. (*See, e.g.*, Dkt. No. 16, PgID 191 (citing Dkt. No. 1, ¶40)).  Plaintiff does not allege or explain what role any Defendant had, or how any of the Defendants were involved, in that alleged inadequate service of process.

The Court finds that Plaintiff has not alleged that any named Defendant was involved in preparing the fraudulent affidavit or "effectuating" the false service of process with respect to the 1989 paternity suit.  The Court is constrained to conclude that, as it relates to the named Defendants, Plaintiff is challenging the August 7, 1989 Default Order of Filiation and For Support.  Because Plaintiff's challenge is to the state court decision itself, the Rooker-Feldman doctrine is implicated and precludes the exercise of jurisdiction by this Court.  All Defendants are entitled to dismissal of Plaintiff's claims.

**B.     Standing**

Plaintiff seeks to challenge the constitutionality of MCL 722.1439, which he alleges "denies equal protection under the law to incarcerated parties." (Dkt. No. 1, ¶ 48). Section 722.1439 provides, in its entirety:

> (1) If a child has an affiliated father and paternity was determined based on the affiliated father's failure to participate in the court proceedings, the mother, an alleged father, or the affiliated father may file a motion with the court that made the determination to set aside the determination.
>
> (2) A motion under this section shall be filed within 3 years after the child's birth or within 1 year after the date of the order of filiation, whichever is later. The requirement that an action be filed within 3 years after the child's birth or within 1 year after the date of the order of filiation does not apply to an action filed on or before 1 year after the effective date of this act.
>
> (3) If the court determines that a motion under this section should be denied and the order of filiation not be set aside, the court shall order the person who filed the motion to pay the reasonable attorney fees and costs incurred by any other party because of the motion.

Plaintiff was last incarcerated in 1992. Section 722.1439 was enacted in 2012. Plaintiff did not file any motion or relevant challenge to Section 722.1439 until January 21, 2015, which was not during a period in which he was incarcerated. It was also more than one year after the effective date of the act by which he was required to file a motion. *See* 722.1439(2). For those reasons, the Court concludes that Plaintiff lacks standing to challenge the constitutionality of Section 722.1439.

## C.     Equal Protection Clause

Even if Plaintiff were deemed incarcerated because he was in prison when the Default Order of Filiation was entered, Plaintiff's claim that Section 722.1439 violates the equal protection rights of incarcerated individuals must be dismissed. Incarcerated individuals do not fall within a protected or suspect class. Plaintiff also cannot show how incarcerated individuals are similarly situated in any relevant respect to persons not incarcerated. Insofar as his equal protection claim is based on being an incarcerated individual, his equal protection claim fails for these reasons. *See, e.g., United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011) (citing *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) ("to be similarly situated, the challenger and his comparators must be '*prima facie* identical in all relevant respects or directly comparable . . . in all material respects.'").

Plaintiff also asserts that Section 722.1439 promotes discrimination against males. The Court finds, as a matter of law, that Section 722.1439 does not discriminate on the basis of gender. Section 722.1439: (1) specifically affords affiliated fathers more rights than they had prior to enactment of the statute (so there is no injury), and (2) provides both women and men ("the mother, an alleged father, or the affiliated father") the ability to move a court to set aside a determination of filiation. *See* Section 722.1439(1).

**D.     Eleventh Amendment Bars Any Claims against the State and Against any Claims for Damages against State Actors**

A state, including its departments, may not be sued in federal court, on any basis, unless that state has waived its sovereign immunity under the Eleventh Amendment or Congress has enacted law overriding that immunity. *See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to suit, nor has Congress enacted a law to override immunity, for claims under 42 U.S.C. 1983, the statute under which Plaintiff seeks relief. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Court concludes that Plaintiffs claims against Defendants State of Michigan and Department of Human Services are barred and must be dismissed.

Wayne County Circuit Court and Wayne County Friend of the Court assert that they are also arms of the state. Citing *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003). Plaintiff does not challenge that argument or their underlying analysis. Rather, Plaintiff argues that Eleventh Amendment immunity does not apply because he is seeking an injunction and those Defendants were involved in "presenting false affidavits to the court, depriving him of due process, interfering with his constitutional liberty interests [which] are grossly negligent." (Dkt. No. 16, PgID 192) The Court

11

concludes that Plaintiffs claims against Defendants Wayne County Circuit Court and Wayne County Friend of the Court are barred and must be dismissed.

State actors sued in their official capacities are immune from claims for money damages under the Eleventh Amendment. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 89 (1989); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"); *Smith v. Oakland Cnty Circuit Court*, 344 F.Supp.2d 1030, 1056 (E.D. Mich. 2004). For this reason, Plaintiff's claims for monetary damages against Governor Rick Snyder and Michigan Attorney General (Bill Schuette), both of whom have been sued in their official capacities, must be dismissed.

Plaintiff does not challenge any of the foregoing facts or law. Plaintiff only asserts that there is no immunity for the "injunctive relief [he seeks] against Defendants to cease further actions against him to threaten, harass, hamper, or otherwise restrict his individual freedoms, especially his right to earn a living and retain his income." (Dkt. No. 15, PgID 179) The Court finds that the injunctive relief desired (which necessarily requires a finding that Plaintiff is not liable for the unpaid child support due pursuant to the Default Order of Filiation) can only be accomplished by setting aside the Wayne County Circuit Court order(s) that established that liability in the first place – again implicating the *Rooker-Feldman* doctrine. Accordingly, the

Court denies Plaintiff's arguments.

E.    **Prosecutorial Immunity**

A "prosecutor is absolutely immune from civil liability in connection with the action [s]he takes in furtherance of the duties of [her] office as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). *See also Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (prosecutors are absolutely immune to Section 1983 actions that stem from pursuing a case against a defendant); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (prosecutors have absolute immunity for their acts in initiating and pursuing prosecutions and such immunity is not limited to courtroom actions taken by a prosecutor). In this case, Plaintiff's allegations against Wayne County Prosecutor Kym Worthy and Wayne County Special Assistant Prosecutor Kathryn Mayer fail as a matter of law based on prosecutorial immunity.

F.    **Wayne County Defendants**

The Wayne County Defendants maintain that Plaintiff's claims against them must be dismissed because Wayne County and Wayne County Prosecutor Kym Worthy had no role in the paternity suit against Plaintiff, nor the prosecution against Plaintiff for felony non-support. The Wayne County Defendants rely on an Agreement between the Third Judicial Circuit Court of Michigan and Wayne County Prosecutor dated September 27, 1985, whereby the Third Circuit Court was delegated

all prosecutions for Orders of Filiation and removed all authority and responsibility from the Wayne County Prosecutor for the same. (Dkt. No. 10, Ex. 1) This argument must be rejected because it calls for a determination of fact–that neither Wayne County nor the Wayne County Prosecutor were involved in the paternity proceedings against Plaintiff.

Plaintiff's claims against Wayne County must be dismissed because Plaintiff has not alleged injuries inflicted by Wayne County pursuant to a governmental custom, policy, or practice. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 700-01 (1978) (municipalities cannot be held liable on the basis of respondeat superior or vicarious liability); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("to satisfy the *Monell* requirements, a plaintiff must identify the policy, connect it to [Wayne County] and show that [his] particular injury was incurred because of the execution of that policy").

**G.     Request to Amend Complaint**

In each of his three response briefs, in one form or another, Plaintiff states that "Plaintiff respectfully reserves and requests permission to amend his complaint if this court" determines that he has not properly pled claims against Defendants. *See, e.g.,* Dkt. No. 16, PgID197.  While Plaintiff accurately cites Rule 15(a)'s language that leave to amend is "freely given when justice so requires," Plaintiff does not propose

new allegations, he does not suggest how he would plead a viable complaint, he does not move to amend his complaint in (or attach a proposed amended complaint to) any of his responses, and he does not cite any basis pursuant to which the Court could determine that "justice so requires." For these reasons, the Court denies Plaintiff's request to amend his complaint.

## V.     CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion to Dismiss filed by the State Defendants (Dkt. No. 9) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by the Wayne County Defendants (Dkt. No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by the Wayne County Defendants (Dkt. No. 11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "request" to amend his complaint is DENIED.

IT IS FURTHER ORDERED that Plaintiff's cause of action shall be DISMISSED. Judgment shall be entered accordingly.

IT IS ORDERED.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 29, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager